UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA OSBURN,

    Plaintiff,

                                      Case No. 13-14612

v.

                                      Hon. John Corbett O'Meara

SETH L. GOLDNER, P.C.,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

    Before the court is Defendant Seth L. Goldner, P.C.'s motion to dismiss, filed December 4, 2013.  Plaintiff Veronica Osburn filed a response on December 26, 2013.  Defendant filed a reply brief on January 22, 2014.

    Defendant seeks dismissal of Plaintiff's complaint, which contains the following causes of action: Count I, Fair Debt Collection Practices Act; Count II, violation of the Michigan Occupational Code; Count III, violation of the Michigan Collection Practices Act; Count IV, invasion of privacy; and Count V, intentional infliction of emotional distress.  The basis of Plaintiff's complaint is that Defendant sent her a collection letter and garnished her wages in an attempt to collect a debt that was discharged in bankruptcy.  See Amended Compl. at ¶¶ 8-13.

Plaintiff contends that Defendant violated the FDCPA as well as state law.

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Id. at 570.  See also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.  See also Hensley Manuf. v. Propride, Inc., 579 F.3d 603, 609 (6th Cir. 2009).

Section 1692e of the FDCPA generally prohibits "false, deceptive or misleading" collection activities, including "false representation" of "the legal status of any debt." 15 U.S.C. § 1692e(2)(A).  Plaintiff's theory appears to be that Defendant falsely represented the legal status of her debt by suggesting that she had to pay the obligation despite the debt's discharge in bankruptcy.  Based upon the allegations in the complaint, Plaintiff has stated a claim under the FDCPA.  See

Turner v. J.V.D.B. & Assocs., 330 F.3d 991, 995 (7th Cir. 2003) ("In short, by asserting Turner owed a debt that no longer existed, on its face the letter was false.").

Defendant suggests that he cannot be liable under the FDCPA because Plaintiff incurred the debt at issue after filing for bankruptcy and that Defendant did not receive notice of the bankruptcy. Plaintiff responds by alleging that the debt was in fact discharged. Moreover, Plaintiff cites Turner for the proposition that a debt collector's lack of knowledge of a bankruptcy "is no excuse." Id. Section 1692e "applies even when a false representation was unintentional." Id.

Plaintiff has pleaded sufficient facts to state a plausible claim under the FDCPA. Accordingly, the court will deny Defendant's motion on this claim.

Although Plaintiff's FDCPA claim cognizable in this court pursuant to 28 U.S.C. § 1331, the remaining allegations present claims based on state law. This court declines to exercise supplemental jurisdiction over Plaintiff's state law claims so as to avoid jury confusion and because the state claims predominate. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Padilla v. City of Saginaw, 867 F. Supp. 1309 (E.D. Mich. 1994).

### **ORDER**

IT IS HEREBY ORDERED that Defendant's motion to dismiss is

GRANTED IN PART and DENIED IN PART, consistent with this opinion and order. Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE.

                                      s/John Corbett O'Meara
                                      United States District Judge

Date: February 5, 2014

      I hereby certify that a copy of the foregoing document was served upon the attorneys of record on this date, February 5, 2014, using the ECF system.

                                      s/William Barkholz
                                      Case Manager